CIKLIN, J.
 

 Eric Walker appeals his convictions and life sentences for robbery with a deadly weapon and burglary of a dwelling with an assault or battery while armed with a firearm and wearing a mask. Walker raises three points on appeal. We affirm on all points and write only to discuss Walker’s assertion that the trial court abused its discretion in permitting the state to use a firearm as a demonstrative aid at trial even though it was not identical to the one used to commit the crimes.
 

 At Walker’s trial, the victim testified that he arrived home at about 6:30 p.m. on January 2, 2008. He left the front door unlocked and went to his room where he placed his wallet and keys on the bed. While he was on his cell phone in the kitchen, he noticed that the front door was slightly opened. Thinking nothing of it at the time, he continued his phone conversation and walked back towards his bedroom.
 

 As he reentered his room, someone grabbed him from behind and ripped the cell phone from his hand. The assailant then held a gun six inches from the victim’s face. The victim described the firearm as a “snub nose revolver type, brushed silver and was — to my belief a .88 revolver.” He said that he was familiar with firearms and believed that he was competent in identifying them. He explained, “judging by the size, the snub nose, as small as it was, I mean, I would say it would have had to have been a .38.”
 

 The victim further testified that the gun was close enough to his face that he could see the bullets in the chamber. Over Walker’s objection, the state was permitted to use a .38 caliber gun as a demonstrative aid to show the jury how the victim could see ammunition in the gun with which he was threatened. Prior to allowing the state to use the firearm as a demonstrative aid, the trial court instructed the jury that the gun was being used by the state to demonstrate what the victim may or may not have seen, that the gun was not in any way related to the case being tried, and that no firearm was ever recovered by the police.
 
 [1]
 

 
 *117
 
 Deputy Mark Bouchard later testified that when he arrested Walker, the officer found a rag wrapped around eight rounds of .38 caliber ammunition in Walker’s back pocket.
 

 The jury found Walker guilty as charged. The trial court subsequently sentenced Walker as a prison releasee reoffender to consecutive terms of life in prison on the armed burglary and armed robbery counts. Walker timely appealed the judgment and sentence.
 

 On appeal, Walker argues that the trial court erred in permitting the state to use the .38 caliber revolver as a demonstrative aid. We disagree.
 

 “The determination as to whether to allow the use of a demonstrative exhibit is a matter within the trial court’s discretion.”
 
 Chamberlain v. State,
 
 881 So.2d 1087, 1102 (Fla.2004) (citation and quotation marks omitted). The standard for allowing a demonstrative aid into evidence is:
 

 Demonstrative evidence is admissible only when it is relevant to the issues in the case.... [I]t is essential, in every case where demonstrative evidence is offered, that the object or thing offered for the jury to see be first shown to be the object in issue and that it is in substantially the same condition as at the pertinent time, or that it is such a reasonably exact reproduction or replica of the object involved that when viewed by the jury it causes them to see substantially the same object as the original.
 

 Id.
 
 at 1102 (citation and quotation marks omitted).
 

 In
 
 Chamberlain,
 
 the state’s witness had testified that on the night of the murders, she had seen the defendant holding a weapon with a flat black handle.
 
 Id.
 
 Over defense objection, the trial court permitted the prosecutor to display a police baton to the witness to aid her in describing the weapon she had seen to the jury. The witness testified that the weapon she saw the defendant holding on the evening of the murders was smaller than the one displayed to her at trial. In concluding that the trial court did not abuse its discretion, the supreme court noted that “the demonstrative aid was not admitted into evidence, and the State did not claim that it was the same weapon used in the murders. The State claimed only that it was similar.”
 
 Id.
 

 Similarly, the demonstrative aid in this case was never admitted into evidence and the state never claimed it was the same weapon used in the murder. In fact, in this case, prior to allowing the state to use the demonstrative aid, the trial court thoroughly explained to the jury that a “firearm was not obtained in this case,” that “no firearm was ever recovered in any manner,” and that the firearm being shown to the witness was “not in any way related to this case.” As such, the trial court did not abuse its discretion in ruling that the firearm used by the state as a demonstrative aid was similar enough to the weapon that the witness had testified was used in the crimes.
 
 See id.; McKenney v. State,
 
 967 So.2d 951, 957 (Fla. 3d DCA 2007) (finding that the trial court did not abuse its discretion in allowing the use of an AK-47 semiautomatic assault rifle for demonstrative purposes).
 

 Walker argues that even if the firearm used at trial were an accurate reproduction of the gun used in the crimes, it was an
 
 *118
 
 abuse of discretion to permit the state to show the unrelated firearm to the jury because the demonstrative aid was not relevant to the issues in the case. According to Walker, the state used the aid only to prove that the gun was loaded, and that the question of whether the gun was loaded was not at issue. This was not the only relevancy of the weapon, however. The trial court correctly instructed the jury that the aid was being used to help the state demonstrate what the victim may or may not have seen. The question of whether the victim could properly identify the weapon as a .38 caliber revolver was relevant, as it tended to tie the .38 caliber bullets found on Walker at the time of his arrest to the firearm used in the robbery. Thus, the trial court did not abuse its discretion in determining that the demonstrative aid was relevant to the issues in the case, and we affirm the convictions and sentences.
 

 Affirmed.
 

 MAY, C.J., and STEVENSON, J., concur.
 

 [1]
 

 . The trial judge instructed the jury as follows:
 

 A firearm was not obtained in this case. Was not ever take[n] into evidence in this case, no firearm was ever recovered in any manner. The state asked for the opportunity, and I granted the right to present to you a revolver firearm, which will be discussed. It is not in any way related to this case, it is simply being used to help the state demonstrate what the witness may or may not have seen. It's up to you to decide what a witness saw or didn’t see. But so this firearm that’s being used in this case is from law enforcement, it has nothing to do with this case, other than to help to describe the type of firearm that the witness is describing.
 

 Also noteworthy is, I think the testimony was, and it's obviously your choice or your decision on what the facts are, but the description was a snub nose revolver. This
 
 *117
 
 revolver is — has a longer barrel on it. So it’s — it’s in no way related to this case, other than that it is an example of what a revolver is, that is a .38 caliber. This gun is a .38 caliber revolver.